UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

| | | |
|---|---|---|
| FRAYNE A. WISKUS, | \* | CIV 08-4030 |
| Petitioner, | \* | |
| | \* | ORDER |
| -vs- | \* | |
| DOUGLAS WEBER,<br>Warden, SD State Penitentiary, | \* | |
| Respondent. | \* | |

FILED
APR 3 0 2008

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

Petitioner Frayne Aeron Wiskus has filed an Application and Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (Doc. 1). It appears, however, that Mr. Wiskus is currently incarcerated at the South Dakota State Penitentiary, a state facility rather than a federal facility. Therefore, it appears the action should be brought pursuant to 28 U.S.C. § 2254 instead. A prerequisite for doing so, however, is that Mr. Wiskhus must exhaust his available state remedies before pursuing an action in federal court. No mention of this being done is contained in Mr. Wiskhus' application.

Further, it appears Mr. Wiskhus may intend to have brought a separate prisoner civil rights action under 42 U.S.C. § 1983 (Docs. 7, 8, 13).

Cases brought by prisoners under both 28 U.S.C. § 2254 and 42 U.S.C. § 1983 must contain basic information which allows the Court to determine whether they may be served upon the defendants and proceed through the judicial process. One piece of crucial information for both causes of action is whether the plaintiff has exhausted his state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). In habeas cases, the doctrine of exhaustion requires "as a matter of comity, federal courts should not consider a claim in habeas corpus petition until after the state courts have had an opportunity to act." *Mellott v. Purkett*, 63 F.3d 781, 784 (8th Cir. 1995) *quoting Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 1202, 71 L.Ed.2d 379 (1982). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992).

The exhaustion requirement also applies to claims brought pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a) provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The prisoner must exhaust his administrative remedies even if the precise relief he seeks in his § 1983 lawsuit is not available through the prison grievance system. *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 1824, 149 L.Ed.2d 958 (2001). Also, although § 1997e(a) refers to "prison conditions," the United States Supreme Court has interpreted that phrase to mean "the PRLA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12, (2002). ". . [A] remedy that prison officials prevent a prisoner from utilizing is not an available remedy under § 1997e(a) . . ." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001)(internal punctuation and citations omitted). Although Mr. Wiskhus is a prolific writer, his pleadings lack basic information which is needed to determine whether he has exhausted his state remedies for purposes of his habeas claim or his § 1983 claim.

The Court previously ordered Mr. Wiskus to complete the forms which are regularly provided to prisoners for habeas and § 1983 claims so that his allegations can be efficiently evaluated. *See* Doc. 15. The Court may summarily dismiss a habeas petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. *See* Rules, Section 2254 Cases, Rule 4. The Court is required to "screen" a § 1983 Complaint and must dismiss it if it (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and 1915A(b). To date, Mr. Wiskus has not provided the information necessary to evaluate his claims. Instead, he filed an "Application for Stay of State Incarceration" (Doc. 22) in which he requests to be returned to federal custody in North Dakota, and "Affidavit for Extension of Time to File 42 U.S.C. § 1983" (Doc. 21) in which he requests an extension of time to file his § 1983 action because he is waiting for word from the Marshals service regarding costs to serve sixteen summons and complaints. He has provided no information, however, regarding the identity of the sixteen defendants upon whom he proposes to serve his suit papers.

Plaintiff's Documents 21 and 22 are considered as non-dispositive motions. Plaintiff needs to do what he was Ordered to do previously in the Order dated March 7, 2008 (Doc. 15).

Therefore, it is ORDERED,

1. That Plaintiff's Application for Stay of State Incarceration (Doc. 22) and Affidavit for Extension of Time to File 42 U.S.C. § 1983 (Doc. 21) are DENIED. Plaintiff shall, on or before May 15, 2008, complete the appropriate forms for his asserted § 2254 and § 1983 causes of action so that said causes of action may be properly evaluated by the Court. If Plaintiff does not place the forms in the prison mailing system on or before May 15, 2008, this case **SHALL BE DISMISSED** for failure to prosecute and failure to comply with an Order of the Court.

Dated this 30 day of April, 2008.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Jackie Meisenheimer
(SEAL)   DEPUTY